### MOORE *v.* McKIERNAN.

In a partition of land ordered to be made in kind the notary cannot dispense with the drawing of lots, without an express agreement in writing made by the parties and notified to him.

APPEAL from the District Court of Madison, *Selby*, J. *Amonett*, for the appellant. *H. W. Dunlap*, for the defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff has appealed from a judgment setting aside a partition made by the notary appointed by the court for that purpose. The property

divided is a tract of land, of which the plaintiff owns one undivided fourth and the defendant the remaining three-fourths.

The grounds of the opposition to the homologation of the partition, which pre-vailed in the court below and on which the appellee relies, are as follows: 1st. The notary should have divided the land in four equal parts as to value, and set apart the share of each party, so that the three lots of the defendant should ad-join one another. 2d. The testimony shows that lot no. 4 is equal to one-fourth of the value of the whole tract, and the defendant insists that the notary should have assigned that lot to the plaintiff. 3d. The partition as made has injured the value of the three lots assigned to the defendant, at least five dollars per acre.

1st. The land was divided in four lots of equal dimensions, and having an equal portion of front on the Mississippi river, in strict conformity with the order of survey granted by the judge on the application of the plaintiff, and without op-position from the defendant. Under that order, the surveyor had nothing to do with the value of the lots. The intention of the parties was that the survey made should be taken as the basis of the partition, and that the value should be ascertained by the experts. This was done in presence of the agents of both parties and without any opposition from them. Under the facts of the case, the notary could not have acted otherwise than he did.

2d. Without an express agreement of the parties, made in writing and notified to the notary, authorizing that officer not to draw lots, he could not dispense with that formality; and if it be true that the partition made has injured the value of the three lots assigned to the defendant, it is a risk which he took when he con-sented to a partition in kind, without making proper reservations.

The partition is legal and binding, and no reason has been or can be given for setting it aside.

It is therefore ordered that the judgment in this case be reversed. It is further ordered that the partition made between the plaintiff and defend-ant, before *Malcolm Wallace*, a notary public, on the 29th March, 1848, be homologated and made the judgment of the court. It is further ordered that the defendant pay the costs of this appeal; those of the court below to be paid as provided by the act of partition.